**Ousamane DIALLO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 07–5705–ag.**

United States Court of Appeals, Second Circuit.

Aug. 22, 2008.

Matthew J. Harris, Brooklyn, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division; Michelle Gorden Latour, Assistant Director; Nairi M. Simonian, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. ROSEMARY S. POOLER and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Ousamane Diallo, a native and citizen of Liberia, seeks review of a November 30, 2007 order of the BIA affirming the March 13, 2006 decision of Immigration Judge ("IJ") Philip L. Morace denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ousamane Diallo*, No. A 97 969 877 (BIA Nov. 30, 2007), *aff'g* No. A 97 969 877

(Immig. Ct. N.Y. City, Mar. 13, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Shu Wen Sun v. BIA,* 510 F.3d 377, 379 (2d Cir. 2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

In this case, we need not reach the merits of the agency's adverse credibility determination, because, as the Government argues, Diallo failed to exhaust any challenge to that determination. In addition to the statutory requirement that petitioners exhaust each category of relief, 8 U.S.C. § 1252(d)(1), this Court generally will not consider arguments regarding individual issues that were not exhausted before the agency. *Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 107 n. 1, 122–123 (2d Cir.2007). While not jurisdictional, this judicially-imposed issue exhaustion requirement is mandatory. *Id.* at 119–120. In particular, a petitioner must challenge all findings that are dispositive of his claims, and the failure to do so is fatal to his petition for review. *See Steevenez v. Gonzales,* 476 F.3d 114, 117–118 (2d Cir.2007).

In his appeal to the BIA, Diallo failed to articulate any error in the IJ's credibility determination, stating only that the IJ

"incorrectly found" that his testimony was "incredible." While the BIA affirmed the IJ's credibility findings, its mere mention of those findings does not excuse Diallo's failure to offer any meaningful challenge before the BIA. *Cf. Xian Tuan Ye v. DHS,* 446 F.3d 289, 296–97 (2d Cir.2006); *Waldron v. INS,* 17 F.3d 511, 515 n. 7 (2d Cir.1993). Indeed, the BIA expressly noted in its decision that Diallo argued "generally" that he testified credibly, but failed to "specifically address the bases for the [IJ's] adverse credibility finding." While Diallo challenges the IJ's credibility findings with much greater specificity before this Court, considering his newly-minted arguments would defeat the purpose of the issue exhaustion requirement—to allow the agency to review its own decisions for error after having the opportunity to consider the applicant's arguments. *See Theodoropoulos v. I.N.S.,* 358 F.3d 162, 171 (2d Cir.2004) ("[A]t least one of the purposes served by the exhaustion requirement contained in § 1252(d) is to ensure that the INS, as the agency responsible for construing and applying the immigration laws and implementing regulations, has had a full opportunity to consider a petitioner's claims before they are submitted for review by a federal court."); *see generally Lin Zhong,* 480 F.3d at 123, 124 n. 24.

Thus, because we find that Diallo failed to exhaust any challenge to the agency's credibility findings, and because those findings were dispositive of each of his applications for relief, *see Majidi v. Gonzales,* 430 F.3d 77, 81–82 (2d Cir.2005), we deny the petition for review, *see Steevenez,* 476 F.3d at 117–118.

For the foregoing reasons, the petition for review is DENIED.